

# NUMBER 13-21-00207-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**JOSE HOMERO CEPEDA,**                                              **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                              **Appellee.**

---

### On appeal from the 445th District Court
### of Cameron County, Texas.

---

## ORDER OF ABATEMENT

**Before Chief Justice Contreras and Justices Benavides and Tijerina**
**Order Per Curiam**

This cause is before the Court on its own motion. Appellant, Jose Homero Cepeda, is attempting to appeal a conviction in trial court cause number 2018-DCR-2034. The trial court's certification of the defendant's right to appeal states that "this criminal case is not a plea bargain case and the Defendant has the right of appeal." *See* TEX. R. APP. P. 25.2(a)(2).

Upon review of the appellate record, we have determined the trial court's certification of appellant's right of appeal is incorrect or otherwise defective. *See Dears v. State*, 154 S.W.3d 610, 61415 (Tex. Crim. App. 2005); Tᴇx. R. Aᴘᴘ. P. 34.5(c); 37.1. A defective certification includes a certification that is correct in form, but, when compared with the record before the court, proves to be inaccurate. *Dears*, 154 S.W.3d at 614. Here, contrary to the trial court's certification, the appellate record indicates that this *was* a plea bargain case.

Because the trial court's certification of defendant's right to appeal is defective, we abate and remand this case to the trial court. The trial court shall cause a hearing to be held to determine (1) whether the trial court's certification of appealability is correct and (2) whether the appellant has the right of appeal. We further direct the trial court to issue findings of fact and conclusions of law regarding these issues. The trial court's amended certification, if any, and any orders it enters shall be included in a supplemental clerk's record. The trial court is directed to cause a supplemental clerk's record and supplemental reporter's record to be filed with the Clerk of this Court within thirty (30) days of the date of this order.

PER CURIAM

Do not publish.
Tᴇx. R. Aᴘᴘ. P. 47.2(b).

Delivered and filed on the
8th day of June, 2022.